IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMH ENTERPRISES, L.L.C., dba SPECTRUM INTERACTIVE, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. 20-2970 |
| v. | ) ) SECTION "R" (2) |
| KRISPY KRUNCHY FOODS, L.L.C. PARTHENON SOFTWARE GROUP, INC., and ANDREW SCHMITT, | ) ) DISTRICT JUDGE: VANCE ) ) MAGISTRATE: CURRAULT ) |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT KRISPY KRUNCHY FOODS, L.L.C. IN RESPONSE TO COMPLAINT**

Defendant Krispy Krunchy Foods, L.L.C. ("KKF") in answer to Plaintiff SMH Enterprises L.L.C.'s ("Plaintiff" or "SMH") Complaint, states as follows:

**Introductory Statement**

1. KKF admits that the present action alleges causes of action related to breach of contract and misappropriation of trade secrets under the Defend Trade Secrets Act, the Louisiana Uniform Trade Secrets Act, the Louisiana Unfair Trade Practices and Consumer Protection Act, Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a), and the relevant provisions of the Louisiana Civil Code. KKF otherwise denies the allegations in Paragraph 1 of the Complaint.

**Jurisdiction and Venue**

2. KKF admits that the present action alleges causes of action related to breach of contract, misappropriation of trade secrets under the Defend Trade Secrets Act, the Louisiana Uniform Trade Secrets Act, the Louisiana Unfair Trade Practices and Consumer Protection Act, and Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Oregon Uniform Trade Secrets Act,

conversion under the Louisiana Civil Code. KKF otherwise denies the allegations in Paragraph 2 of the Complaint.

3. KKF admits the allegations in Paragraph 3 of the Complaint.

4. KKF admits that venue is proper in this Court but denies the remaining allegations in Paragraph 4 of the Complaint.

## Parties

5. KKF is without knowledge sufficient to form a belief about the allegations in Paragraph 5 and therefore denies the same.

6. KKF admits that Krispy Krunchy Foods, L.L.C. is a limited liability company operating and doing business in the Parish of Rapides, State of Louisiana. KKF denies the remaining allegations in Paragraph 6 of the Complaint.

7. KKF admits that it hired Parthenon to help manage its web presence and hired Parthenon after it ended its relationship with Potenza Innovations. KKF is without knowledge sufficient to form a belief about the allegations in Paragraph 7 of the Complaint related to Parthenon's place of incorporation and doing business in Oregon and therefore denies the same. KKF denies the remaining allegations in Paragraph 7 of the Complaint.

8. KKF is without knowledge sufficient to form a belief about the allegations in Paragraph 8 of the Complaint and therefore denies the same.

## The Facts of the Case

9. KKF admits that it expressed interest in using Tutti Dynamics as a vendor to provide an interactive training platform. KKF denies the remaining allegations in Paragraph 9 of the Complaint.

10. KKF admits that in June 2015 KKF and Tutti Dynamics discussed the potential of working together. KKF is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 10 of the Complaint and therefore denies the same.

11. KKF is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies the same.

12. KKF is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. KKF admits that Tutti Dynamics began working on implementing the Spectrum Interactive platform and building out the requirements needed for the KKF system. KKF is without sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. KKF admits that the Spectrum Interactive platform was intended to be first used in Malaysia. KKF denies the remaining allegations in Paragraph 14 of the Complaint.

15. KKF admits that it continued to work with Tutti Dynamics throughout 2016.

16. KKF admits that Tutti Dynamics/SMH was working to integrate the training platform into portal interfaces called OHub and OTracker so that the training modules could display with these portals. KKF also admits that it intended to use the portals to manage operations and communications with its licensees who contracted with KKF to carry KKF's branded Krispy Krunchy Chicken® and that KKF produced the training materials and video content. To the extent the allegations in Paragraph 16 purport to define SMH's responsibilities, such responsibilities are laid out in the Scope of Work, a written document which speaks for itself. KKF denies the allegations in Paragraph 16 of the Complaint to the extent that they are inconsistent with that document. KKF denies any remaining allegations in Paragraph 16 of the Complaint.

17. KKF denies the allegations in the first sentence of Paragraph 17 of the Complaint. To the extent the allegations in Paragraph 17 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and KKF denies the allegations to the extent that they are inconsistent with that document. KKF denies any remaining allegations in Paragraph 17 of the Complaint.

18. To the extent the allegations in Paragraph 18 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and KKF denies the allegations to the extent that they are inconsistent with that document. KKF denies any remaining allegations in Paragraph 18 of the Complaint.

19. The allegations in Paragraph 19 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. KKF admits that, upon information and belief, Tutti Dynamics changed its name to Spectrum Interactive. To the extent the allegations in Paragraph 19 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and KKF denies the allegations to the extent that they are inconsistent with that document. KKF denies any remaining allegations in Paragraph 19 of the Complaint.

20. The allegations in Paragraph 20 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. To the extent the allegations in Paragraph 20 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and KKF denies the allegations to the extent that they are inconsistent with that document. KKF denies any remaining allegations in Paragraph 20 of the Complaint. KKF denies any remaining allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. To the extent the allegations in Paragraph 21 seek to paraphrase or characterize the contents of a written document, the document speaks for itself and KKF denies the allegations to the extent that they are inconsistent with that document.

22. The allegations in Paragraph 22 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. To the extent the allegations in Paragraph 22 seek to paraphrase or characterize the contents of a written document, the document speaks for itself KKF denies the remaining allegations in Paragraph 22 of the Complaint.

23. KKF is without knowledge sufficient to form a belief about the allegations in the first sentence of Paragraph 23 of the Complaint and therefore denies the same. The allegations in the second sentence of Paragraph 23 of the Complaint call for a legal conclusion to which a response is not required. To the extent a response is deemed required KKF denies the allegations in the second sentence of Paragraph 23 of the Complaint.

24. KKF admits that SMH tried to negotiate a licensing fee. KKF denies the remaining allegations in Paragraph 24 of the Complaint.

25. KKF admits that the training platform did not appear to be working on numerous occasions between 2017 and 2019, and that Parthenon helped to resolve the problems on some of those occasions. KKF also admits that a Denial of Service (DDoS) attack took the platform down for a few hours and that, upon information and belief, the date of the attack was October 23, 2018. KKF otherwise denies the allegations in Paragraph 25 of the Complaint, including those allegations remaining in footnote 3.

26. KKF is without knowledge or information sufficient to form a belief as to administrator level accounts created by third parties. KKF denies the remaining allegations in Paragraph 26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. Responding further, KKF admits that in November 2019 it notified SMH of its intent to terminate their relationship.

28. The allegations in Paragraph 28 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract and alleged requirements thereof, to which a response is not required. To the extent a response is deemed required, KKF denies the allegations in Paragraph 28 of the Complaint, other than to admit that KKF gave notice of its intent to terminate its use of the Spectrum Platform to Kristen Sullivan McEntyre.

29. KKF is without knowledge sufficient to form a belief about the allegations in Paragraph 29 relating to the actions of Conway Solomon and Parthenon and therefore denies the same. KKF denies the remaining allegations in Paragraph 29 of the Complaint.

30. KKF admits that, upon information and belief, the new platform included a "how to use" video owned by KKF. KKF is without knowledge sufficient to form a belief about the remaining allegations in Paragraph 30 of the Complaint and therefore denies the same.

31. KKF denies the allegations in Paragraph 31 of the Complaint.

32. KKF is without knowledge sufficient to form a belief about the allegations in Paragraph 32 and therefore denies the same.

**The Spectrum Engine**

33. KKF admits that the Spectrum Engine was a multi-component product that included a training video player, a training testing component, and an analytics component. KKF further admits that the new platform Parthenon created for KKF included KKF's own data imported from the former SMH program, which included KKF quiz, video, and user progress data that was and is owned by KKF. KKF denies the remaining allegations in Paragraph 33 of the Complaint.

**Cause of Action No. 1: Bad Faith Breach of Contract**

34. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 33 above as though fully set forth herein.

35. The allegations in Paragraph 35 of the Complaint call for a legal conclusion, specifically regarding the existence of a contract, to which a response is not required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 35 of the Complaint.

36. KKF denies the allegations in Paragraph 36 of the Complaint.

37. KKF denies the allegations in Paragraph 37 of the Complaint.

38. The allegations in Paragraph 38 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 38 of the Complaint.

**Cause of Action No. 2: Misappropriation of Protected Trade Secrets
Under the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.***

39. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 38 above as though fully set forth herein.

40. KKF is without sufficient knowledge to form a belief about the measures SMH took to keep the referenced information secret. KKF denies the remaining allegations in Paragraph 40 of the Complaint.

41. KKF denies the allegations in Paragraph 41 of the Complaint.

42. KKF denies the allegations in Paragraph 42 of the Complaint.

43. KKF denies the allegations in Paragraph 43 of the Complaint.

44. The allegations in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 44 of the Complaint.

### Cause of Action No. 3: Misappropriation of SMH's Trade Secrets Under the Louisiana Uniform Trade Secrets Act, LA. R.S. 51 § 1431, *et seq.*

45. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 44 above as though fully set forth herein.

46. KKF denies the allegations in Paragraph 46 of the Complaint.

47. KKF denies the allegations in Paragraph 47 of the Complaint.

48. KKF denies the allegations in Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 49 of the Complaint.

### Cause of Action No 4. Unfair Competition Under the Louisiana Unfair Trade Practices and Consumer Protection Act, LA. R.S. 51§ 1401, *et seq.*

50. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 49 above as though fully set forth herein.

51. KKF denies the allegations in Paragraph 51 of the Complaint.

151044228.1
PD.30726029.1

52. KKF denies the allegations in Paragraph 52 of the Complaint

53. The allegations in Paragraph 53 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 53 of the Complaint.

### Cause of Action No. 5: Conversion of SMH's Confidential Materials Not Found to be Trade Secrets

54. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 53 above as though fully set forth herein.

55. KKF denies the allegations in Paragraph 55 of the Complaint.

56. . The allegations in Paragraph 53 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies that remaining allegations in Paragraph 56 of the Complaint.

57. KKF denies the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required KKF denies the allegations. KKF denies any remaining allegations in Paragraph 58 of the Complaint.

### Cause of Action No. 6: Trade Dress Infringement

59. KKF hereby incorporates each of its responses set forth in Paragraphs 1 through 58 above as though fully set forth herein.

60. KKF is without knowledge sufficient to form a belief about the allegations of Paragraph 60 and therefore denies the same.

61. KKF denies the allegations in Paragraph 61 of the Complaint. Responding further, KKF is not in the online training industry.

62. KKF denies that allegations in Paragraph 62 of the Complaint. Responding further, the appearance of the Platform was based on KKF's specifications

63. KKF denies the allegations in Paragraph 63 of the Complaint.

64. KKF denies the allegations in Paragraph 64 of the Complaint.

65. KKF denies the allegations in Paragraph 65 of the Complaint.

66. KKF denies the allegations in Paragraph 66 of the Complaint.

67. KKF denies the allegations in Paragraph 67 of the Complaint.

68. KKF denies the allegations in Paragraph 68 of the Complaint.

69. KKF denies the allegations in Paragraph 69 of the Complaint.

70. The remainder of SMH's Complaint consists of its **PRAYER** for relief. KKF denies that SMH is entitled to any of the relief requested or to any relief whatsoever.

## **KKF'S AFFIRMATIVE AND OTHER DEFENSES**

Based on the knowledge and information available to date, KKF asserts the following defenses and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action. KKF does not admit that it has the burden of proof on any of the defenses alleged herein. KKF designates all denials to the Complaint set forth above, and all Counterclaims and Third-Party claims previously filed, as defenses if necessary, for their full defense of this matter.

1. SMH has failed to state a claim upon which relief may be granted.

2. SMH's claims are barred in whole or in part by statute of limitations, estoppel, laches, license, implied

license, inducement, payment, release, res judicata, comparative negligence, unclean hands, and waiver.

3.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because any contract between the parties does not apply retroactively to work already performed.

4.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because the claim is based on an agreement that is invalid, null, void, voidable, subject to rescission, and/or unenforceable as an unconscionable contract of adhesion.

5.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because the claim is based on an agreement that is invalid, null, void, voidable, subject to rescission, and/or unenforceable for failure, inadequacy, and/or lack of consideration or lawful cause.

6.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because the claim is barred in whole or in part by the statute of frauds.

7.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because SMH never designated any information it provided as confidential or secret.

8.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because KKF did not possess and/or transfer confidential, proprietary, or trade secret information belonging to SMH.

9.  As to Cause of Action No. 1, Plaintiff's breach of contract claim is invalid because SMH was aware that Parthenon employees had administrator level access at all relevant times.

10. As to Causes of Action Nos. 2-4, Plaintiff's claims are barred in whole or in part by a lack of legally recognizable trade secrets.

11. As to Causes of Action Nos. 2-4, Plaintiff's claims are barred because, upon information and belief, Parthenon developed its software platform for KKF independently, using only its own, KKF's, or public information.

151044228.1
PD.30726029.1

12. As to Causes of Action Nos. 2-5, Plaintiff's claims are barred by a lack of confidential or secret information of Plaintiff that was misappropriated, converted, acquired by improper means, or otherwise used or transferred by KKF.

13. As to Cause of Action 4, Plaintiff's claim is barred because KKF is not a competitor with SMH.

14. As to Cause of Action 5, Plaintiff's claims are barred because KKF did not acquire possession of anything belonging to SMH in an unauthorized manner, transfer possession of anything belonging to SMH without authority, move anything belonging to SMH one from place to another with the intent to exercise control over it, withhold anything belonging to SMH from SMH, alter or destroy anything belonging to SMH, improperly use anything belonging to SMH, or assert ownership over anything belonging to SMH.

15. As to Cause of Action No. 6, Plaintiff's claim is barred because Plaintiff's alleged trade dress is not distinctive and has not acquired distinctiveness as a trademark and is functional.

16. As to Cause of Action No. 6, Plaintiff's claim is barred because KKF's alleged conduct was innocent, non-infringing, and not a willful infringement of trade dress.

17. As to Cause of Action No. 6, Plaintiff's claim is barred because Plaintiff's alleged trade dress is not recognized by consumers as an indicator of the source or origin of Plaintiff's goods or services.

18. As to Cause of Action No. 6, Plaintiff's claim is barred because there is no likelihood of confusion involving Plaintiff's alleged trade dress.

19. Plaintiff failed to take reasonable steps to mitigate its alleged damages.

20. KKF incorporates by reference, as if set forth herein *in extenso*, all facts, allegations, defenses and claims of all other defendants and/or third-party defendants that have been or will be

at any point in time pleaded or identified in this action that are not inconsistent with KKF's positions as set forth herein.

21. To the extent that any affirmative defenses pled herein are contradictory, mutually exclusive, or otherwise inconsistent, KKF pleads such contradictory, mutually exclusive, or inconsistent affirmative defenses in the alternative.

22. KKF expressly reserves the right to assert additional defenses based on further discovery and investigation in this matter.

## PRAYER

WHEREFORE, KKF prays that the relief requested by Plaintiff be denied and that judgment be entered in favor of Defendants as follows:

A. That all claims in the Complaint be dismissed with prejudice, and that Plaintiff take nothing against KKF.

B. That KKF be found not to have breached any contract with Plaintiff.

C. That KKF be found not to have misappropriated any trade secret or confidential information of Plaintiff.

D. That KKF be found not to have committed any acts of unfair competition with respect to Plaintiff.

E. That KKF be found not to have converted any confidential information or anything of value of Plaintiff.

F. That KKF be found not to have committed any acts of trade dress infringement of any trade dress of Plaintiff.

G. That Plaintiff be found to have brought a claim of misappropriation under the DTSA in bad faith under 18 U.S.C. § 1836(b)(3)(D).

151044228.1
PD.30726029.1

H.  That this be declared an exceptional case under 15 U.S.C. § 1117 of the Lanham Act.

I.  That KKF be awarded their costs and disbursements, and attorney's fees incurred herein, including under 15 U.S.C. § 1117 and 18 U.S.C. § 1836(b)(3)(D).

J.  Such other relief as the Court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

Dated: January 18, 2021                     Respectfully submitted,

**PHELPS DUNBAR LLP**

___/s/ Mary Ellen Roy_____
Mary Ellen Roy, (La. Bar #14388)
Lindsay Calhoun, (La. Bar #35070)
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
roym@phelps.com
lindsay.calhoun@phelps.com

**PERKINS COIE LLP**

___/s/ Jeannil Boji_____

Jeannil Boji, (appearing *pro hac vice*)
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone: 312-324-8419
Facsimile: 312-324-9419
JBoji@perkinscoie.com

*Attorneys for Defendant,
Krispy Krunchy Foods, L.L.C.*