UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMH ENTERPRISES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 20-2970 |
| KRISPY KRUNCHY FOODS, L.L.C., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is plaintiff SMH Enterprises, L.L.C.'s ("SMH") motion for reconsideration[1] of the Court's Order and Reasons[2] denying in part plaintiff's motion to dismiss[3] defendant Krispy Krunchy Foods, L.L.C.'s ("KKF") counterclaims. For the following reasons, the Court denies the motion to reconsider.

## I. BACKGROUND

This case arises from an alleged misappropriation of plaintiff's trade secrets. In a complaint[4] filed on November 2, 2020, plaintiff SMH, a software company, alleges that it built a bespoke employee-training software

---

[1] R. Doc. 140.
[2] R. Doc. 138.
[3] R. Doc. 42.
[4] R. Doc. 1.

platform for defendant KKF, which sells products to numerous Krispy Krunchy Chicken fast food restaurants.[5] SMH states that KKF, working with defendants Parthenon Software Group, Inc. and Andrew Schmitt, misappropriated information from SMH's software and used that information to develop its own, competing employee-training platform.[6] SMH sued KKF, Parthenon, and Schmitt for alleged violations of federal and Louisiana law.[7]

On December 9, 2020, KKF filed several counterclaims against SMH, including for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, for breach of contract under Louisiana law, and for redhibition under Louisiana law.[8] SMH moved to dismiss the counterclaims.[9] In an Order and Reasons, the Court granted the motion in part and denied the motion in part.[10] As relevant here, the Court denied SMH's motion to dismiss the breach of contract claim.[11] SMH now seeks reconsideration of the Court's Order as to the breach of contract claim, again requesting that

---

[5] *Id.* at 3, ¶¶ 5-7, 9-17.
[6] *Id.* at 14-15, ¶¶ 29-31.
[7] *See id.* at 18-29.
[8] R. Doc. 23.
[9] R. Doc. 42.
[10] R. Doc. 138.
[11] *Id.* at 18-24.

2

the Court dismiss the claim.[12] KKF opposes the motion.[13] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b)[14] provides that an order that adjudicates fewer than all the claims among all the parties "may be revised at any time" before the entry of a final judgment. As Rule 54 recognizes, a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an

---

[12] R. Doc. 140.
[13] R. Doc. 141.
[14] The Court notes that SMH moves for reconsideration under Rule 59. R. Doc. 140. But Rule 59 applies "only to final judgments." *Guidry v. Noble Drilling Servs. Inc.*, No. 16-4135, 2018 WL 4462581, at *2 (E.D. La. Sept. 18, 2018); *Brown Est. v. New York Life Ins. Co.*, No. 17-1486, 2018 WL 4520199, at *1 (W.D. La. Apr. 25, 2018). Here, the Order and Reasons at issue, deciding SMH's motion to dismiss, is an interlocutory order. *See Matter of Pickle*, 149 F.3d 1174 (5th Cir. 1998) ("In general, an order denying a motion to dismiss is considered a nonappealable interlocutory order."). Thus, the appropriate procedural rule for SMH's motion is Rule 54(b). Because courts apply the same standards for a motion to reconsider under Rule 54(b) and Rule 59, *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010), the Court proceeds to consider the merits of SMH's motion under Rule 54(b).

intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Although the district court's discretion in this regard is broad, it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

Courts evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment. *See Pierce v. Kellogg Brown & Root, Inc.*, No. 15-6485, 2017 WL 2082947, at *1 (E.D. La. May 15, 2017); *Hill v. New Orleans City*, No. 13-2463, 2016 WL 4180809, at *8 (E.D. La. Aug. 8, 2016) (citing *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *2 (E.D. La. Mar. 5, 2012)). The proper inquiry therefore is whether the moving party has "clearly establish[ed] either a manifest error of law or fact or . . . present[ed] newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th

4

Cir. 2004). The Court is mindful that "[r]econsideration . . . is an extraordinary remedy that should be used sparingly." *Id.* at 479.

III. **DISCUSSION**

Relying on the agreement between the parties, entitled the "Terms and Conditions,"[15] SMH makes two arguments in support of reconsideration. First, SMH argues that the Court made an error of fact and incorrectly interpreted the agreement's Section 9(k),[16] which limits SMH's liability when its software platform is integrated with third-party services. Second, it argues that KKF waived its right to bring a breach of contract claim pursuant to Section 4(a) in the Terms and Conditions.[17]

A. **Third-Party Service Provision**

Section 9(k) of the Terms and Conditions, contained in the "[g]eneral" section of the agreement, states as follows:

> To the extent that the Deliverables are integrated with any third party services, including social media services (e.g. Facebook, Twitter, Instagram, Tumblr, SnapChat, YouTube, etc.), as between [KKF] and [SMH], [KKF] is solely responsible for ensuring that its use of those third party services is in compliance with any applicable terms and conditions, guidelines, and privacy policies of such third party services. [SMH] is not liable for [KKF's] actions or non-actions or the use of third parties of

---

[15] R. Doc. 3-2 at 7-11.
[16] *Id.* at 11, § 9(k).
[17] *Id.* at 9, § 4(a).

5

any Deliverable through such third party services, terms, conditions, or policies.[18]

SMH contends that KKF implemented its software, the "Spectrum Engine," by integrating it with platforms, the "oHub" and/or "oTracker," which were administered by a third party, Potenza Innovations.[19] According to SMH, Potenza caused deficiencies in the employee training software—which it asserts are the bases for KKF's claims—when it failed to properly integrate the Spectrum Engine into the oHub or oTracker.[20]

In its motion to dismiss, SMH previously relied on Section 9(k).[21] There, SMH argued that Parthenon created the complained-of problems with the Spectrum Engine, and that KKF could not hold SMH liable for those problems.[22] The Court rejected this argument in its Order and Reasons, stating that:

> KKF is not seeking to hold SMH liable for deficiencies in KKF's platform, or for its own actions regarding the use of third-party services—which the cited provision may apply to. Instead, KKF is seeking to hold SMH liable for deficiencies in and failure to maintain the Spectrum Engine during the period that KKF used SMH's product. The provision related to third-party services is, on its face, inapplicable to KKF's claim for breach of contract.[23]

---

[18] R. Doc. 3-2 at 11, § 9.
[19] R. Doc. 140-1 at 3-4.
[20] *Id.*
[21] *See* R. Doc. 42-1 at 11.
[22] *Id.*
[23] R. Doc. 138 at 24.

6

Although SMH clarifies its argument in its motion for reconsideration, and shifts blame from Parthenon to Potenza, there is nothing on the face of the counterclaim that implicates the services of Potenza, any more than there is with respect to Parthenon. KKF's claim is based on alleged deficiencies in the training platform and maintenance services that SMH provided.[24] In its counterclaim, KKF does not seek to hold SMH liable for the problems allegedly created by third parties. SMH's factual arguments concerning the entity at fault for the problems go well beyond the face of the counterclaim and cannot be considered on a motion to dismiss. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) ("On a Rule 12(b)(6) motion, a district court generally must limit itself to the contents of the pleadings, including attachments[, and] documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."). The Court finds that the third-party service provision does not preclude KKF's breach of contract claim.

### B. Warranty Provision

SMH argues for the first time in its motion for reconsideration that Section 4(a) of the Terms and Conditions effectively operates as a waiver of

---

[24] R. Doc. 23 at 5-6, ¶¶ 26-33.

KKF's breach of contract claim. A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised" before the Court issued its decision. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (discussing motions to reconsider under Rule 59(e)); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (stating that a motion to reconsider "'cannot be used to raise arguments which could, and should have been made before the judgment issued'" (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990))). SMH's failure to raise this argument in its motion to dismiss precludes its success here.

Moreover, even entertaining SMH's argument, the Court finds that reconsideration is inappropriate. Section 4(a), a provision in the document's "warranty" section, deals with SMH's obligation to perform "Services"[25] with "reasonable care in a diligent and competent manner."[26] The provision states that "[SMH's] sole obligation shall be to correct any non-conformance with this warranty, provided that [KKF] gives [SMH] written notice within

---

[25] The Terms and Conditions do not specifically define the term "Services." The document states that it "govern[s] the Services provided by SMH . . . as set forth in the Scope of Work issued to [KKF]." R. Doc. 3-2 at 7. The Scope of Work indicates that SMH agreed to "develop an effective and secure video training experience" for KKF, and "provide[] ongoing maintenance and monitoring." R. Doc. 76-1 at 3.

[26] R. Doc. 3-2 at 9, § 4(a).

ten (10) days after the Services are performed or successful completion of the acceptance test plan, if applicable."[27]

But Section 4(a) does not bar KKF from suing based on an alleged breach of the warranty provided. Indeed, SMH concedes as much in its motion for reconsideration, acknowledging that "KKF might have advanced a viable breach of contract/breach of warranty claim by [timely providing] written notice . . . ."[28] SMH argues that KKF failed to provide the required notice, thus forfeiting its breach of contract claim. Again, KKF's purported failure to provide notice is a factual assertion that goes beyond the pleadings, and cannot be considered on a Rule 12(b)(6) motion to dismiss. *See Brand Coupon Network*, 748 F.3d at 635. The operative pleading, KKF's counterclaim, leads to the "reasonable inference" that KKF timely notified SMH of deficiencies in the services provided. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). For example, KKF alleges that, "[s]hortly after the Platform's launch [in 2016], KKF noticed significant problems with Platform reliability," but that SMH was "unable to prevent or fix the recurring problems with the Platform."[29] Additionally, KKF alleges that Parthenon worked with SMH "on

---

[27] *Id.*
[28] R. Doc. 140-1 at 6.
[29] R. Doc. 23 at 3, ¶ 13.

9

numerous occasions" to remedy some of the platform's issues.[30] These allegations clearly suggest that KKF provided SMH with notice of its complaints.

In short, SMH again fails to point to a clause in the Terms and Conditions under which KKF has forfeited its breach of contract claim. For the reasons stated in the Court's Order and Reasons, and for the reasons stated here, the Court denies SMH's motion to reconsider.

## IV. CONCLUSION

The Court DENIES SMH Enterprises, L.L.C.'s motion to reconsider.

New Orleans, Louisiana, this __8th__ day of July, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[30] *Id.*