UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMH ENTERPRISES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 20-2970 |
| KRISPY KRUNCHY FOODS, L.L.C., ET AL. | SECTION "R" (2) |

# ORDER AND REASONS

Before the Court is plaintiff SMH Enterprises, L.L.C.'s ("SMH") motion for entry of a final judgment pursuant to Federal Rule of Civil Procedure 54(b).[1] Defendants, Krispy Krunchy Foods, L.L.C. ("KKF"), Parthenon Software Group, Inc. ("Parthenon"), and Andrew Schmitt oppose the motion.[2] For the following reasons, the Court denies the motion for entry of a final judgment.

## I.  BACKGROUND

This case arises from an alleged misappropriation of plaintiff's trade secrets. In a complaint[3] filed on November 2, 2020, plaintiff SMH, a

---

[1]  R. Doc. 167.
[2]  R. Doc. 170.
[3]  R. Doc. 1.

software company, alleges that it built a bespoke employee-training software platform for defendant KKF, which sells products to numerous Krispy Krunchy Chicken fast food restaurants.[4] SMH states that KKF, working with defendants Parthenon and Andrew Schmitt, misappropriated information from SMH's software and used that information to develop its own, competing employee-training platform.[5] SMH sued KKF, Parthenon, and Schmitt for alleged violations of federal and Louisiana law, including for claims of trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Louisiana Uniform Trade Secrets Act ("LUTSA"), La. Rev. Stat. § 51:1342, *et. seq.*, breach of contract, unfair competition, conversion, and trade dress infringement.[6]

On December 11, 2020, Magistrate Judge Donna Phillips Currault issued an order requiring that plaintiff file a "Notice of Identification of Trade Secrets" to "allow the court to control the scope of discovery and determine the appropriate case management."[7] Without objection, plaintiff filed its responsive "Trade Secret Identification Statement" ("TSI Statement") on

---

[4] *Id.* ¶¶ 5-7, 9-17.
[5] *Id.* ¶¶ 29-31.
[6] *Id.* ¶¶ 34-69.
[7] R. Doc. 27.

2

December 21, 2020.[8]  Parthenon and KKF objected to the sufficiency of the plaintiff's TSI Statement.[9]

At a hearing on January 7, 2021, Magistrate Judge Currault ordered KKF to file an amended TSI Statement.[10]  Plaintiff responded to this order on January 13, 2021, with its first amended TSI Statement,[11] and with leave of court, filed a second amended TSI Statement on January 15, 2021.[12]  In its second amended TSI Statement, plaintiff lists fourteen purported trade secrets related to its employee-training software program.[13]

Based on numerous discovery disputes,[14] and defendants' continued objections to plaintiff's TSI Statement,[15] the Court held a status conference on January 25, 2021.[16]  Because the parties were still at odds as to the sufficiency of the TSI Statement, the Court set a briefing schedule for defendants to move for partial summary judgment on the issue of whether the trade secrets identified in the TSI Statement qualify as trade secrets.[17]

---

[8]   R. Doc. 32.
[9]   R. Docs. 40 & 41.
[10]  R. Doc. 52.
[11]  R. Doc. 62.
[12]  R. Doc. 68.
[13]  *Id.*
[14]  *See, e.g.*, R. Docs. 53, 58, 59, 71, 72, 73, 74, 77, 78, 79, 80.
[15]  R. Doc. 81.
[16]  R. Doc. 90.
[17]  *Id.* at 3.

3

On February 18, 2021, defendants filed their motion for partial summary judgment.[18] As relevant here, Magistrate Judge Currault recommended that defendants' motion be granted in part and denied in part.[19] Plaintiff objected to the Magistrate Judge's Report & Recommendation.[20]

On September 29, 2021, in an Order and Reasons, the Court granted defendants' motion for partial summary judgment on Trade Secrets #8 and #14, and denied defendants' motion for partial summary judgment on Trade Secrets #1-7, #9-13.[21] The Court held that Trade Secrets #8 and #14 were not trade secrets as a matter of law.[22] SMH now moves for a final judgment as to this Court's order granting defendants' motion for partial summary judgment on Trade Secrets #8 and #14.[23] Defendants oppose the motion.[24] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party

---

[18]  R. Doc. 117.
[19]  R. Doc. 142.
[20]  R. Doc. 150.
[21]  R. Doc. 161.
[22]  *Id.* at 36-40.
[23]  R. Doc. 167.
[24]  R. Doc. 174.

4

> claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). It explained that Rule 54(b) judgments are not favored, and should be awarded only when necessary to avoid injustice. *Id.* Specifically, a "district court should grant certification [on a Rule 54(b) motion] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)); *see also Akeem v. Dasmen Residential, LLC*, No. 19-13650, 2021 WL 4806913, at *1 (E.D. La. Oct. 14, 2021) (characterizing Rule 54(b) as "an exception to the general rule that a final judgment is appealable only after the adjudication" of the entire case).

The first inquiry the Court must make is whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). It must be a "judgment" in the sense that it is a decision upon a

5

cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* Next, the Court must determine if there is any "just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

## III. DISCUSSION

As to the first requirement for Rule 54(b) certification, the Court finds that the dismissal of plaintiff's misappropriation-of-trade-secrets claims as to its purported Trade Secrets #8 and #14 is "an ultimate disposition" of

6

individual claims, and therefore meets the final-judgment test. *See Curtiss-Wright Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 76 (1956)). The Court's granting of summary judgment as to those claims constitutes "an ultimate disposition" as to Trade Secrets #8 and #14. *Id.*

As to the second requirement, after weighing the appropriate factors, the Court finds that certification is inappropriate in this case. Plaintiff fails to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship). SMH contends that it would be harmed by the lack of an immediate appeal of the Court's September 29, 2021 order because such a delay would permit defendants "to have continued access to protected information."[25] It further represents that if the Court denies certification, "SMH will be forced to wait until this litigation conclude[s] before asking the Court of Appeals to review the determination that[] Trade Secrets #8 and #14 are not protected Trade Secrets."[26] Plaintiff's alleged hardship—that it will have to wait to appeal this

---

[25]     *Id.* at 5.
[26]     *Id.*

7

ruling until the Court resolves the rest of the case—is a "hardship" present in every case where some, but not all, claims are dismissed. *See Nussli U.S., LLC v. Nola Motorsports Host Comm.*, No. 15-2167, 2016 WL 6520139, at *14 (E.D. La. Nov. 3, 2016) ("The fact that [plaintiff] will have to wait to appeal the Court's partial final judgment until the entire case is resolved is not an exceptional circumstance that merits certification for immediate appeal.").

The Court also finds no merit to plaintiff's assertion that its hardship "would be alleviated immediately on appeal."[27] SMH asserts that, "[s]hould the appellate court find that Trade Secrets #8 and #14 do constitute 'trade secrets' then this would prohibit KKF from further improper use of SMH's Spectrum Engine trade secrets."[28] Plaintiff has no basis for its unsubstantiated speculation that the Fifth Circuit will grant it immediate relief. Plaintiff fails to explain how simply filing an appeal would immediately relieve its hardship, particularly given that plaintiff has not requested emergency injunctive relief. Accordingly, the Court finds that plaintiff has not articulated any danger or hardship that is the sort of

---

[27] R. Doc. 167-1 at 5.
[28] *Id.* at 5-6.

8

"infrequent harsh case" that Rule 54(b) was designed to address. *See Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

Further, litigation among the parties remains ongoing, and could result in an appeal. Plaintiff's remaining claims against the defendants for breach of contract, trade dress infringement, unfair competition, conversion, and misappropriation of trade secrets on Trade Secrets #1-7, and #9-13, are interrelated with its misappropriation-of-trade-secret claims as to Trade Secrets #8 and #14. All of plaintiff's claims stem from its common allegation that defendants conspired to misappropriate information from SMH's software, and use that information to develop their own, competing employee-training platform. Given that the "same set of facts underpins all the claims," the "present proposed appeal and an appeal of the final judgment would require the Fifth Circuit to consider many of the same issues." *Abecassis v. Wyatt*, No. 9-3884, 2010 WL 2671576, at *3 (S.D. Tex. June 30, 2010) (denying entry of a Rule 54(b) judgment because it would be "uneconomical for an appellate court to review facts on appeal following a Rule 54(b) certification that it is likely to be required to consider again"). Therefore, the entry of a Rule 54(b) judgment on some of plaintiff's claims may require the appellate court to decide the same set of factual questions more than once, "which is the exact duplicative and piecemeal review that

Rule 54(b) seeks to avoid." *Treece v. Perrier Condo. Owners Ass'n, Inc.*, No. 17-10153, 2021 WL 5039642, at *11 (E.D. La. Oct. 29, 2021); *see Road Sprinkler Fitters Local Union*, 967 F.2d at 151-52 ("The final judgment rule and the propriety of certification under Rule 54(b) exist in part to ensure that a single set of *factual* and legal questions come before the Court of Appeals but once—and then only after all closely related issues have been resolved in the district court." (emphasis added)).

Moreover, the Court is especially wary of piecemeal review here because twelve of plaintiff's fourteen misappropriation-of-trade-secret claims remain pending before this Court. The remaining identified Trade Secrets have substantially overlapping facts with Trade Secrets #8 and #14, the dismissal of which plaintiff seeks to appeal. *See Treece*, 2021 WL 5039642, at *11 (noting that "the inconvenience of piecemeal review looms large" where the "majority of Plaintiffs' claims still are pending before this Court, while only two types of claims . . . have been fully adjudicated"). The factual overlap between the dismissed and pending claims is especially pronounced as to Trade Secret #14, which plaintiff identifies as the "unique combination" of Trade Secrets #1-13.[29] An appellate court reviewing plaintiff's initial appeal as to Trade Secret #14 would by definition have to

---

[29] R. Doc. 68 ¶ 55.

10

evaluate whether Trade Secrets #1-7 and #9-13 constitute protectable information, the identical inquiry it would have to make on a subsequent appeal of the final judgment.

Plaintiff's alleged Trade Secret #8 ("Testing Layout") is also factually intertwined with other remaining identified Trade Secrets. Plaintiff's TSI Statement describes Trade Secret #8 in terms of its other purported trade secrets, including: Trade Secret #1 ("Layout for video player"), Trade Secret #3 ("Integrated quizzes and surveys"), and Trade Secret #4 ("Language control").[30] Accordingly, the entry of judgment denying some of plaintiff's claims risks requiring an appellate court to decide the same issues more than once.

For these reasons, the risk of piecemeal review far outweighs the danger of denying justice by delay.

---

[30] *See id.* at 24 ("In the KKF implementation, the testing interface provides an identical experience for all KKF employees that is easily scalable as new questions and multiple languages are needed (e.g., English and Spanish) . . . .").

## IV. CONCLUSION

Accordingly, the Court DENIES SMH's motion for entry of a final judgment under Rule 54(b).

New Orleans, Louisiana, this __1st__ day of December, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE