UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMH ENTERPRISES, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 20-2970 |
| KRISPY KRUNCHY FOODS, L.L.C., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff SMH Enterprises, LLC ("SMH") moves for a temporary restraining order ("TRO"), preliminary injunction, and permanent injunction.[1] Defendants oppose the motion.[2] The Court denies the request for a TRO. The Court will set a status conference for the purpose of setting a hearing on SMH's motion for preliminary injunction by separate order.

## I.   BACKGROUND

SMH is a software company that developed an employee-training software platform, known as the Spectrum Engine, which provides online training software for employees in various industries.[3] Defendant, Krispy Krunchy Foods, L.L.C. ("KKF"), sells products to numerous Krispy Krunchy

---

[1]   R. Doc. 182.
[2]   R. Doc. 189.
[3]   R. Doc. 1 ¶ 5; R. Doc. 68 ¶ 3; R. Doc. 142 at 2.

Chicken fast food restaurants, and commissioned SMH to customize its employee-training platform based on KKF's requirements.[4] According to SMH's complaint, KKF, working with defendants Parthenon Software Group, Inc. and Andrew Schmitt, misappropriated information from SMH's software and used that information to develop its own, competing employee-training platform.[5] SMH then sued KKF, Parthenon, and Schmitt for alleged violations of federal and Louisiana law, including for claims of trade-secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, and the Louisiana Uniform Trade Secrets Act ("LUTSA"), La. Rev. Stat. § 51:1342, *et seq.*[6]

On February 18, 2021, defendants moved for partial summary judgment, asserting that plaintiff's fourteen identified trade secrets did not constitute trade secrets as a matter of law.[7] The Court granted defendants' motion for partial summary judgment on Trade Secrets #8 and #14, and denied defendants' motion on Trade Secrets #1-7, #9-13.[8]

---

[4]  R. Doc. 1 ¶ 6.
[5]  *Id.* ¶¶ 29-31.
[6]  *See id.* ¶¶ 34-69.
[7]  R. Doc. 117.
[8]  R. Doc. 167.

2

Now, SMH moves for a TRO, preliminary injunction, and permanent injunction against defendants and Main Post Partners, L.P. ("Main Post")[9] to prohibit their alleged use of Trade Secrets #1-7, #9-13.[10] In support of its motion for injunctive relief, plaintiff attaches a December 7, 2021 article that states that KKF received a "growth investment" from Main Post, a private equity investment firm.[11] Plaintiff also attaches an affidavit from SMH's manager, Conway Solomon, who asserts that he believes, based on his "experience with business investment," that Main Post has "acquired SMH's trade secrets with the intent to spread them rapidly to new parties in its efforts to expand the KKF brand."[12] In response, defendants represent that Main Post's investment in KKF was an equity deal, and that no assets, including SMH's trade secrets, have been provided to Main Post.[13]

## II.   DISCUSSION

A party can obtain a temporary restraining order or a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm

---

[9]   Main Post is not a party to this litigation.
[10]  R. Doc. 182 at 17.
[11]  R. Doc. 182-2 (Exhibit A).
[12]  *Id.* ¶ 11 (Soloman Affidavit).
[13]  R. Doc. 190 at 2; *see also* R. Doc. 190-1 ¶¶ 7-8 (Shapiro Declaration).

3

to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or the temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements.  *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

### A.   Likelihood of Success on the Merits

"To show a likelihood of success, the plaintiff must present a *prima facie* case, but need not prove that he is entitled to summary judgment." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).  To assess the likelihood of success on the merits, the Court looks to "standards provided by the substantive law."  *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).  Under both the LUTSA and DTSA, a court may grant an injunction "to prevent any actual or threatened misappropriation" of a trade secret.  18 U.S.C. § 1836(b)(3)(A); La. R.S. § 51:1432.  In order to demonstrate "actual or threatened misappropriation" of a trade secret, the applicant must show that "the threat is immediate," and that the injunction is not needed merely to "forestall future problems."

4

*Tubular Threading, Inc. v. Scandaliato*, 443 So. 2d 712, 715 (La. App. 5 Cir. 1983).

Here, plaintiff asserts that it will prevail on the merits because the "recent sale of controlling interest in KKF by its members to Main Post for $300,000,000 *necessarily included* actual misappropriation and disclosure of SMH's trade secret and trade dress materials."[14] Yet, the only evidence plaintiff provides in support of its misappropriation assertion is a press release from over a month ago stating that KKF received a "strategic growth investment from Main Post Partners,"[15] and an affidavit from SMH's manager stating that he "believes" KKF disclosed SMH's trade secrets to Main Post.[16] But, as noted by defendants, there is "nothing in the law [that] equates the sale of stock in a company to a misappropriation of trade secret."[17] Given that plaintiff has provided no evidence that KKF sold a controlling interest in its business, let alone a controlling interest in SMH's

---

[14]    *Id.* at 8 (emphasis added).
[15]    R. Doc. 182-2 (Exhibit A).
[16]    *Id.* ¶ 11, 24 (Soloman Affidavit).
[17]    R. Doc. 189 at 6.

trade secrets, SMH is unable to meet its *prima facie* burden of showing any actual or threatened misappropriation.

The Court thus concludes that plaintiff has failed to carry its burden of showing a likelihood of success on the merits. *See Computer Sci. Corp. v. Tata Consultancy Servs. Ltd.*, No. 19-970, 2019 WL 2058772, at *4 (N.D. Tex. May 9, 2019) (holding that, because plaintiff failed to provide "evidence of either actual or threatened misappropriation," it failed to show substantial likelihood of success on the merits).

### B. Substantial Threat of Irreparable Harm

In addition, before granting a TRO, the movant must show that it will suffer immediate and irreparable harm in the absence of relief sought. Fed. R. Civ. P. 65; 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948.1 (3d ed. 2013) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm . . . ."). The movant must show that there is an actual likelihood that irreparable harm will occur. "[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." *United States v. Emerson*, 270 F.3d 203, 262 (5th Cir. 2001).

Here, SMH contends that, "[o]nce the trade secrets were disclosed to Main Post," it suffered irreparable harm, and that it will continue to suffer irreparable injury because Main Post will "increase the distribution of SMH's trade secrets and disclose them to additional third parties."[18]  Further, plaintiff asserts that it will be irreparably harmed because it is "unknown whether KKF has any resources left" following the transaction with Main Post, and that therefore SMH may no longer be able to collect damages from KKF.[19]

As an initial matter, the Court notes that, as plaintiff itself acknowledges, KKF publicly announced this transaction on December 7, 2021.  Plaintiff waited over a month before filing this TRO.  Such a delay, while not dispositive, undermines plaintiff's assertion that is has suffered and will continue to suffer irreparable harm without the immediate relief provided by a TRO.  *See Boire v. Pilot Freight Carriers, Inc.*, 515 F.2d 1185, 1193 (5th Cir. 1975) (affirming the denial of a temporary injunction where the movement delayed three months before moving for relief).

Moreover, even if plaintiff had sought immediate relief, both of its allegedly irreparable injuries are speculative.  As previously noted, plaintiff

---

[18]   *Id.*
[19]   *Id.* at 12.

7

has not established that any trade secrets were actually disclosed to Main Post, much less that Main Post would disclose that information to any additional parties. *See Lockheed Martin Corp. v. Raytheon Co.*, 42 F. Supp. 2d 632, 636 (N.D. Tex. 1999) ("Without some evidence of negligence or bad faith on the part of [defendant], the Court is reluctant to simply assume that disclosure and/or use of [plaintiff's] proprietary information is inevitable."). And as SMH itself admits, it is "unknown" whether KKF has any assets left, therefore making it speculative, at best, that SMH will suffer any harm were it to prevail in this litigation. Accordingly, plaintiff has only pointed to speculative injuries that are insufficient to show a likelihood that SMH will suffer irreparable harm absent a TRO. *See Emerson*, 270 F.3d at 262.

Because plaintiff cannot show a strong likelihood of success on the merits nor a likelihood of irreparable harm, plaintiff is not entitled to a TRO. *See Bluefield*, 577 F.3d at 253 (cautioning that a preliminary injunction should not be granted unless the party seeking it has "'clearly carried the burden of persuasion' on all four requirements" (quoting *Lake Charles Diesel, Inc. v. Gen Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003))).

## III. CONCLUSION

For the foregoing reasons, plaintiff's motion for a TRO is DENIED

New Orleans, Louisiana, this __14th__ day of January, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE